1
2
3
4
5
6                   UNITED STATES DISTRICT COURT
7                        DISTRICT OF NEVADA
8                               * * *
9   DARRAL ELLIS,                         Case No. 2:19-cv-00454-GMN-EJY
10                      Plaintiff,                    ORDER
11        v.
12  HIGH DESERT STATE PRISON, *et al.,*
13                      Defendants.
14

15        This action is a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983 by a

16  prisoner in the custody of the Nevada Department of Corrections.[1]  On June 1, 2020 the

17  Court issued an order dismissing the second amended complaint with leave to amend

18  and directed Plaintiff to file any third amended complaint within 30 days of the date of that

19  order.  (ECF No. 20 at 7).  The time period for filing a third amended complaint has

20  expired, and Plaintiff has not filed an amended complaint or otherwise responded to the

21  Court's order.  District courts have the inherent power to control their dockets and "[i]n the

22  exercise of that power, they may impose sanctions including, where appropriate . . .

23  dismissal" of a case.  *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

24  (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure

25  to prosecute an action, failure to obey a court order, or failure to comply with local rules.

26  _____

27        [1] The Court notes that Plaintiff has two pending applications to proceed *in forma*
28  *pauperis.*  (ECF No. 6, 10).  The Court will grant the August 7, 2019 application (ECF No.
    10).  The Court will deny the April 26, 2019 application (ECF No. 6) as incomplete and
    unnecessary.

*See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order requiring Plaintiff to file an amended complaint within thirty days expressly informed Plaintiff that, if he failed to timely file a third amended complaint, this action would be dismissed with prejudice for failure to state a claim.  (ECF

No. 20 at 8).  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file an amended complaint within thirty days.

For the foregoing reasons, it is ordered that Plaintiff's August 7, 2019 application to proceed *in forma pauperis* (ECF No. 10) without having to prepay the full filing fee is granted.  Plaintiff shall not be required to pay an initial installment fee.  Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act.  The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

Pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (Darral Ellis, # 1206066), in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action.  The Clerk of the Court shall SEND a copy of this order to the Finance Division of the Clerk's Office.  The Clerk of the Court shall also SEND a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that, regardless of the success of Plaintiff's action, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

It is further ordered that this action is dismissed with prejudice based on Plaintiff's failure to file a third amended complaint in compliance with this Court's June 1, 2020 order and for failure to state a claim.

It is further ordered that the Clerk of Court shall enter judgment accordingly and close this case.

DATED THIS 28 day of July 2020.

_____
UNITED STATES DISTRICT JUDGE

- 3 -